UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

EIGHTFOLD REAL ESTATE CAPITAL, L.P., a
Florida limited partnership,

    Plaintiff,

v.

EIGHTFOLD DEVELOPMENTS, LLC, a Texas
professional limited liability company,
PANACHE
DEVELOPMENT & CONSTRUCTION, INC., a
Texas corporation, DAN WHITE, individually,
and ADAM ZARAFSHANI, individually,

    Defendants.

Case No. 1:19-cv-00239-_____

## ORIGINAL COMPLAINT

Plaintiff, Eightfold Real Estate Capital, L.P., ("Eightfold", "Plaintiff" or "Trademark Owner"), by and through its undersigned counsel, hereby sues Defendants, Eightfold Developments, LLC, ("ED"), Panache Development & Construction, Inc., ("Panache"), Dan White ("White"), and Adam Zarafshani ("Zarafshani") (collectively ED, Panache, White, and Zarafshani are referred to as "Defendants" or "Infringers") and states:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1338(a) (acts of Congress relating to trademarks), 28 U.S.C. § 1338(b) (pendent unfair competition claims) and 28 U.S.C. § 1367 (supplemental jurisdiction).

2.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants maintain their principle office in this District and a substantial part of the events or omissions

giving rise to the claim occurred in this District. As such, they are deemed, pursuant to 28 U.S.C. § 1391(c), to reside in this District for purposes of venue.

## NATURE OF ACTION

3. This is an action in law and equity for statutory trademark infringement, common law federal trademark infringement, common law trademark infringement, counterfeiting, false designation of origin and unfair competition in violation of Section 42 of the Lanham Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*, and Texas state law.

## THE PARTIES

4. Plaintiff Eightfold is a Florida limited liability company.

5. Defendant ED is a is limited liability company incorporated under the laws of the State of Texas with its principal place of business at 100 E. Anderson LN Suite 250, Austin, TX 78752-1233. ED's registered agent for service of process is PLA Services, Inc., located at 701 S. Taylor, Suite 501, Amarillo, TX 79101.

6. Defendant Panache is limited liability company incorporated under the laws of the State of Texas with a mailing address of P.O. Box 26539, Austin, TX 78755-0539. Panache's registered agent for service of process is Adam Zarafshani, located at 3636 Executive Center Dr., Suite G60, Austin, TX 78731.

7. Defendant Dan White is an individual resident of Canada with an address at #260, 2833 Broadmoor Blvd. Sherwood Park, AB T8H2H3. At all times relevant hereto White was president of Defendant ED and controlled its actions.

8. Defendant Zarafshani is an individual resident of Texas residing at 4101 Cat Mountain Dr., Austin TX 78755-0539. Upon information and belief, at all times relevant hereto Zarafshani was president defendant Panache and controlled its actions.

## STATEMENT OF FACTS

**A.**     *Plaintiff's EIGHTFOLD marks.*

9. Eightfold was founded in early 2012 by former senior executives of a leading real estate investor company.

10. The Eightfold principals collectively managed a commercial real estate debt business involved in the sourcing, underwriting and investment in high-yielding real estate loans and securities and the management of the nation's largest special servicing platform, responsible for the workout of defaulted mortgage loans.

11. Eightfold has been active nationally since its formation and has dedicated capital to continue investing in appropriate real estate opportunities.

12. Eightfold also invests opportunistically in commercial real estate debt and equity.

13. Eightfold has deployed capital alongside local operating partners across a variety of commercial real estate markets, asset classes and deal structures, each with a different set of circumstances and challenges to be addressed through the execution of a customized business plan for each asset.

14. As a result of the foregoing, Eightfold is well known nationally as a respected company involved in most aspects of residential and commercial real estate investments.

15. In order to protect its customers and the good and valuable goodwill it has developed in the marketplace, Eightfold registered its two principal trademarks with the United States Patent and Trademark Office.

16. On February 18, 2014, Eightfold obtained a registration certificate number 4483962 for the word mark EIGHTFOLD, in class 36 for "Real estate funds investment services; financial services, namely, financial investment services in the field of capital investments and real estate"

alleging a date of first use of October 17, 2012 (the "EIGHTFOLD Word Mark"). *See copy of registration certificate attached as Exhibit A.*

17. On February 18, 2014, Eightfold also obtained a registration certificate number 4483963 for the word mark EIGHTFOLD REAL ESTATE CAPITAL, in class 36 for "Real estate funds investment services; financial services, namely, financial investment services in the field of capital investments and real estate" alleging a date of first use of October 17, 2012 (the "EIGHTFOLD REC Word Mark") (collectively the EIGHTFOLD Word Mark and the EIGHTFOLD REC Word Mark are referred to as the EIGHTFOLD Marks). *See copy of registration certificate attached as Exhibit B.*

18. Both marks remain in continuous and conspicuous use nationally.

**B.**   ***Defendants knowing and intentional infringement of the EIGHTFOLD Marks.***

19. On August 16, 2018, Eightfold received an e-mail from an Austin based independent business associate.

20. The e-mail from the Austin business said, "so looks like you are in Austin" and attached an e-mail from one of its clients.

21. The attached e-mail was from the Austin company's Dallas based client, attached a digital presentation by Zarafshani for an Austin real estate project that had been named by Defendants EIGHTFOLD without authority and asked, "is the attached the same eightfold we are already working with?" *See copy of e-mail attached as Exhibit C and presentation attached as Exhibit D.*

22. Eightfold promptly denied that they were associated with the Austin real estate development project.

23. The presentation describes the development of a large commercial real estate project varyingly called EIGHTFOLD or EIGHTFOLD campus by the Defendants.

24. There was no disclaimer or other effort to differentiate Defendants and their project from Eightfold.

25. On September 24, 2018, Eightfold's counsel wrote to Zarafshani at Panache asking him to stop the infringing use of the mark or to reach a satisfactory agreement providing for terms of use. *See letter attached as Exhibit E.*

26. On September 24, 2018, Zarafshani responded via e-mail stating:

I am in receipt of your correspondence dated 24 September 2018. While we disagree with the issues you have raised in your correspondence, we would like to point your attention to some additional information. Eightfold Development Austin is a development and management company for a development in Austin Texas. Panache is the general contractor for the mentioned project. Our companies have been registered with the state of Texas, and the domain is owned by the entities. We are not in a position to address all of the issues that have been raised in your correspondence, we have to defer to our general counsel to formulate a proper response, but wanted to send this to you as a courtesy. I will be traveling the rest of the week, but when I get back to Texas I will make an appointment with our council to see how we can move forward.

*See copy of e-mail attached as Exhibit F.*

27. None of the Defendants communicated with Eightfold again.

28. An officer of Eightfold tried to contact the Defendants to advance the process but received no response.

29. The infringing conduct has continued unabated.

**D.**     ***Damage caused by Defendant's infringing activity.***

30. Eightfold relies on its excellent business reputation to earn the trust of its investors.

31. A scandal regarding a real estate project which is wrongly tied to Eightfold by an infringing or confusingly similar name would cause irreparable harm to its business reputation.

32. Defendants continued infringement shows that they are acting intentionally, with knowledge and with malicious disregard for the harm that they could cause Eightfold.

33. The irreparable harm that their continued use of the infringing mark could cause to Eightfold and the irreplaceable goodwill in its marks has no adequate remedy at law.

34. As a result of Defendants' refusal to cease their infringement Eightfold has been forced to retain counsel and file this action.

35. All conditions precedent to the filing of this action have been satisfied or waived.

## COUNT I

### DIRECT AND CONTRIBUTORY INFRINGEMENT AND COUNTERFEITING OF FEDERALLY REGISTERED TRADEMARKS AGAINST ALL DEFENDANTS

36. Plaintiff readopts and re-alleges all the allegations contained in paragraphs 1 through 35.

37. This is a claim by Plaintiff for direct and contributory infringement and counterfeiting of federally registered trademarks arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

38. Defendants' activities, as alleged, constitute direct and/or contributory infringement and counterfeiting of Plaintiff's federally registered EIGHTFOLD Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, all to the substantial and irreparable injury of the public and of Plaintiff's business reputation and goodwill.

39. By such wrongful acts, Defendants have caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with their registered Marks, including diversion of customers from them, lost sales and lost profits, and Defendants will be unjustly enriched.

40. Defendants' acts are willful, intentional and egregious and make this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

41. Upon information and belief, Defendants Zarafshani and White have been the active, moving force behind the corporate Defendants tortious conduct, and should be held jointly and severally liable therefor.

## COUNT II

### INFRINGEMENT OF COMMON LAW TRADEMARKS
### AGAINST ALL DEFENDANTS

42. Plaintiff readopts and re-alleges all the allegations contained in paragraphs 1 through 35.

43. This is a claim by Plaintiff for direct and contributory infringement and counterfeiting of Plaintiff's common law trademark.

44. Defendants' activities, as alleged, constitute direct and/or contributory infringement and counterfeiting of Plaintiff's trademarks in violation of Plaintiff's common law trademark rights, all to the substantial and irreparable injury of the public and of Plaintiff's business reputation and goodwill.

45. By such wrongful acts, Defendants have caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with their registered marks, including diversion of customers from them, lost sales and lost profits, and Defendants will be unjustly enriched. Plaintiff has no adequate remedy at law.

46. Upon information and belief, Defendants Zarafshani and White have been the active, moving force behind the corporate Defendants tortious conduct, and should be held jointly and severally liable therefor.

## COUNT III

### FEDERAL UNFAIR COMPETITION AND
### FALSE DESIGNATION OF ORIGIN
### AGAINST ALL DEFENDANTS

47. Plaintiff readopts and re-alleges all the allegations contained in paragraphs 1 through 35.

48. This is a claim by Plaintiff for trademark infringement and false designation of origin arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

7

49. Defendants' activities, as alleged, constitute infringement and/or contributory infringement of Plaintiff's trademark, false designation of origin, false representation and false description, all to the substantial and irreparable injury of the public and of Plaintiff's business reputations and goodwill.

50. By such wrongful acts, Defendants have caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with the Plaintiff's trademarks, including diversion of customers from Plaintiff, lost sales and lost profits, and Defendants will be unjustly enriched. Plaintiff has no adequate remedy at law.

51. Defendants' acts are willful, intentional and egregious and make this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

52. Upon information and belief, Defendants Zarafshani and White have been the active, moving force behind the corporate Defendants tortious conduct, and should be held jointly and severally liable therefor.

### COUNT IV

### COUNTERFEITING
### AGAINST ALL DEFENDANTS

53. Plaintiff readopts and re-alleges all the allegations contained in paragraphs 1 through 35.

54. This is a claim by Plaintiff for counterfeiting of a federal trademark in violation of 15 U.S.C. § 1114.

55. Defendants, without authorization or authority from Eightfold, have sold, offered for sale, promoted and/or advertised commercial real estate investment opportunities.

56. Defendants have engaged in this conduct in interstate commerce.

8

57. Defendants' conduct was intended to cause, have caused and is likely to continue to cause confusion, mistake and deception among consumers, the public and Eightfold's current and prospective customers as to whether Defendants' real estate project was associated with, sponsored by or endorsed by Eightfold.

58. Defendants' acted deliberately with knowledge of Eightfold's ownership of the registered EIGHTFOLD Marks, with the willful intent to trade upon Eightfold's consumer goodwill for their sole profit.

59. Defendant's conduct constitutes trademark counterfeiting in violation of 15 U.S.C. § 1114.

60. Plaintiff has suffered monetary damages as a result of Defendants' unlawful acts in an amount to be determined at trial.

61. Defendants have caused and is likely to continue causing substantial injury to the public and to Eightfold unless enjoined.

62. Defendants' actions are willful, intentional and egregious and make this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

63. Upon information and belief, Defendants Zarafshani and White have been the active, moving force behind the corporate Defendants tortious conduct, and should be held jointly and severally liable therefor.

### COUNT VI

### COMMON LAW UNFAIR COMPETITION
### AGAINST ALL DEFENDANTS

64. Plaintiff readopts and re-alleges all the allegations contained in paragraphs 1 through 35.

65. This is a claim for unfair competition arising under the common law of the State of Texas.

66. By their foregoing deceptive and/or fraudulent conduct creating a likelihood of confusion, each of the Defendants has unfairly competed with Plaintiff and/or contributed to acts of unfair competition by other Defendants or third parties, all to the substantial and irreparable injury of the public and of Plaintiff's business reputations and goodwill.

67. By such wrongful acts, Defendants have caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with the Plaintiff's trademarks, including diversion of customers from Plaintiff lost sales and lost profits, and Defendants will be unjustly enriched. Plaintiff has no adequate remedy at law.

68. Upon information and belief, Defendants Zarafshani and White have been the active, moving force behind the corporate Defendants tortious conduct, and should be held jointly and severally liable therefor.

**WHEREFORE,** Plaintiff prays:

(1) That a preliminary and permanent injunction issue, pursuant to Section 42 of the Lanham Act, 15 U.S.C. §§ 1124 and 1125, and the equitable power of this Court to enforce the common law of the State of Texas, restraining Defendants, their agents, servants, partners, representatives, employees, successors and assigns, and all others in concert and privity with them from:

    (a) Directly or indirectly making any use and/or causing, aiding, abetting or contributing to the actions of others in using:

        i. Any trademark which copies or is confusingly similar with the EIGHTFOLD Marks; and

        ii. Any advertisements or promotional materials or other items that are labeled with or contain trademarks prohibited in i. above; and

  (b)  Directly or indirectly seeking to register trademarks which are confusingly similar to Plaintiff's trademarks or domains; and

  (c)  Directly or indirectly seeking to register Internet domains which are confusingly similar to Plaintiff's trademarks; and

  (d)  Unfairly competing with Plaintiff; and

  (e)  Falsely claiming any affiliation with Plaintiff.

(2) That Defendants be required to account to Plaintiff for Defendants' profits and the actual damages suffered by Plaintiff as a result of Defendants' acts of infringement, false designation of origin, and unfair competition together with interest, that Plaintiff's recoveries be enhanced and/or trebled, and that prejudgment interest be awarded, pursuant to Section 43 of the Lanham Act, 15 U.S.C. §§ 1117 and 1125, and the statutes and common law of the State of Texas;

(3) That Defendants be required to pay statutory damages to Plaintiff pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c);

(4) That Defendants be ordered to surrender for destruction all printed materials incorporating or imitating Plaintiff's trademarks, pursuant to Sections 36 and 43 of the Lanham Act, 15. U.S.C. §§ 1118 and 1125, and the equitable power of this Court to enforce the common law of the State of Texas;

(4) That Defendants be ordered to destroy all digital posts or materials incorporating or imitating Plaintiff's trademarks, pursuant to Sections 36 and 43 of the Lanham Act, 15. U.S.C. §§ 1118 and 1125, and the equitable power of this Court to enforce the common law of the State of Texas;

(5) That Defendants be required to remove all Internet web pages making use of the infringing trademarks and surrender all domains incorporating or imitating Plaintiff's trademarks,

pursuant to Sections 36 and 43 of the Lanham Act, 15. U.S.C. §§ 1118 and 1125, and the equitable power of this Court to enforce the common law of the Texas;

(6) That Defendants be required to pay Plaintiff's attorneys' fees, together with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117); and

(8) For such other and further relief as may be just and equitable.

Dated:  March 12, 2019.

        Respectfully Submitted,

        **ESPINOSA MARTINEZ, PL**

        By: s/Jorge Espinosa
            Jorge Espinosa, Esq.
            Florida Bar # 779032
            jespinosa@etlaw.com
            Robert R. Jimenez
            Florida Bar. No. 72020
            rjimenez@etlaw.com
            **ESPINOSA MARTINEZ, PL**
            1428 Brickell Avenue
            Suite 100
            Tel :     305-854-0900
            Fax:     855-854-0900

        *Attorneys for Plaintiff*

        Pro Hac Vice Motion Pending

        **HUTCHESON BOWERS LLLP**

        By:___/s/ Allison Bowers _____
            Allison Bowers
            State Bar No. 24006170
            Shannon Hutcheson
            State Bar No. 00796708
            1301 S. Mopac, Suite 430
            Austin, TX 7876
            (512) 777-4449
            Fax No.: (512) 777-4497
            allison@hutchesonbowers.com