## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **Eightfold Real Estate Capital, L.P.,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civ. Action No. 1:19-cv-00239-LY** |
| | § | |
| **Eightfold Developments, LLC,** | § | |
| **Panache Development & Construction, Inc.,** | § | |
| **Adam Zarafshani, and** | § | |
| **Dan White,** | § | |
| | § | |
| **Defendants.** | § | |

### ADAM ZARAFSHANI'S ANSWER AND
### AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendant Adam Zarafshani, ("Zarafshani"), answers the Original Complaint ("Complaint") of Plaintiff Eightfold Real Estate Capital, L.P., ("EREC") as follows:

### JURISDICTION AND VENUE

1.      With respect to the allegations in Paragraph 1 of the Complaint, Zarafshani admits that the Complaint purports to include actions arising under the trademark laws of the United States set forth in Title 15 of the United States Code and Title 28 of the United States Code, and as such, does not dispute that this Court has subject matter jurisdiction over those purported actions

2.      With respect to the allegations in Paragraph 2 of the Complaint, Zarafshani admits that he resides in this district and does not dispute the appropriateness of this venue.  As to the remaining allegations of Paragraph 2 of the Complaint, Zarafshani lacks knowledge or information sufficient to either admit or deny, and Zarafshani therefore denies the remaining allegations in Paragraph 2.

1

## NATURE OF ACTION

3.        With respect to the allegations in Paragraph 3 of the Complaint, Zarafshani admits that the Complaint purportedly makes allegations for claims in law and equity for statutory trademark infringement, common law federal trademark infringement, common law trademark infringement, counterfeiting, false designation of origin and unfair competition in violation of Section 42 of the Lanham Act of 1946, as amended, 15 U.S.C. § 1051, et seq., and Texas state law.  Zarafshani denies the remaining allegations in Paragraph 3 of the Complaint.

## THE PARTIES

4.        With respect to the allegations in Paragraph 4 of the Complaint, Zarafshani lacks knowledge or information sufficient to either admit or deny, and Zarafshani therefore denies the allegations in Paragraph 4.

5.        Zarafshani admits the allegations in Paragraph 5 of the Complaint.

6.        With respect to the allegations in Paragraph 6 of the Complaint, Zarafshani denies that Panache is a limited liability company, but admits that Panache is incorporated under the laws of the State of Texas with a mailing address of P.O. Box 26539, Austin, TX 78755-0539. Zarafshani denies the remaining allegations in Paragraph 6 of the Complaint.

7.        With respect to the allegations in Paragraph 7 of the Complaint, Zarafshani admits the allegations as to White's address and residency.  Zarafshani denies the remaining allegations in Paragraph 7.

8.        Zarafshani admits the allegations in Paragraph 8 of the Complaint.

## STATEMENT OF FACTS

9.        With respect to the allegations in Paragraph 9 of the Complaint, Zarafshani lacks knowledge or information sufficient to either admit or deny, and Zarafshani therefore denies the allegations in Paragraph 9.

10.    With respect to the allegations in Paragraph 10 of the Complaint, Zarafshani lacks knowledge or information sufficient to either admit or deny, and Zarafshani therefore denies the allegations in Paragraph 10.

11.    With respect to the allegations in Paragraph 11 of the Complaint, Zarafshani lacks knowledge or information sufficient to either admit or deny, and Zarafshani therefore denies the allegations in Paragraph 11.

12.    With respect to the allegations in Paragraph 12 of the Complaint, Zarafshani lacks knowledge or information sufficient to either admit or deny, and Zarafshani therefore denies the allegations in Paragraph 12.

13.    With respect to the allegations in Paragraph 13 of the Complaint, Zarafshani lacks knowledge or information sufficient to either admit or deny, and Zarafshani therefore denies the allegations in Paragraph 13.

14.    With respect to the allegations in Paragraph 14 of the Complaint, Zarafshani lacks knowledge or information sufficient to either admit or deny, and Zarafshani therefore denies the allegations in Paragraph 14.

15.    With respect to the allegations in Paragraph 15 of the Complaint, Zarafshani admits that the Complaint shows two records of trademarks purportedly registered with the United States Patent and Trademark Office.  Zarafshani lacks knowledge or information sufficient to either admit or deny the remaining allegations of Paragraph 15 of the Complaint, and Zarafshani therefore denies the remaining allegations in Paragraph 15.

16.    With respect to the allegations in Paragraph 16 of the Complaint, Zarafshani admits that what appears to be a copy of the United States Patent and Trademark Office's Trademark Electronic Search System (TESS) website displaying the information associated with

Registration No. 4483962 is attached as Exhibit A to the Complaint.  Zarafshani denies that Exhibit A is a registration certificate.  Zarafshani lacks knowledge or information sufficient to either admit or deny the remaining allegations of Paragraph 16 of the Complaint, and Zarafshani therefore denies the allegations in Paragraph 16.

17.     With respect to the allegations in Paragraph 17 of the Complaint, Zarafshani admits that what appears to be a copy of the United States Patent and Trademark Office's Trademark Electronic Search System (TESS) website displaying the information associated with Registration No. 4483963 is attached as Exhibit B to the Complaint.  Zarafshani denies that Exhibit B is a registration certificate. Zarafshani lacks knowledge or information sufficient to either admit or deny the remaining allegations of Paragraph 17 of the Complaint, and Zarafshani therefore denies the allegations in Paragraph 17.

18.     With respect to the allegations in Paragraph 18 of the Complaint, Zarafshani lacks knowledge or information sufficient to either admit or deny, and Zarafshani therefore denies the allegations in Paragraph 18.

19.     With respect to the allegations in Paragraph 19 of the Complaint, Zarafshani admits that Exhibit C to the Complaint appears to be an email dated August 16, 2018. Zarafshani lacks knowledge or information sufficient to either admit or deny the remaining allegations of Paragraph 19 of the Complaint, and Zarafshani therefore denies the remaining allegations in Paragraph 19.

20.     With respect to the allegations in Paragraph 20 of the Complaint, Zarafshani admits that Exhibit C to the Complaint states, "So looks like your in Austin!!!"  Zarafshani lacks knowledge or information sufficient to either admit or deny the remaining allegations of

Paragraph 20 of the Complaint, and Zarafshani therefore denies the remaining allegations in Paragraph 20.

21.     With respect to the allegations in Paragraph 21 of the Complaint, Zarafshani admits that Exhibit C to the Complaint states, "Is the attached the same Eightfold we are already working with?"  Zarafshani admits that Exhibit D to the Complaint was a document describing the EIGHTFOLD campus project by Defendant Eightfold Developments, LLC, ("ED") and lists Zarafshani's name along with ED's contact information in the document.  Zarafshani lacks knowledge or information sufficient to either admit or deny the remaining allegations of Paragraph 21 of the Complaint, and Zarafshani therefore denies the remaining allegations in Paragraph 21.

22.     With respect to the allegations in Paragraph 22 of the Complaint, Zarafshani lacks knowledge or information sufficient to either admit or deny, and Zarafshani therefore denies the allegations in Paragraph 22.

23.     With respect to the allegations in Paragraph 23 of the Complaint, Zarafshani admits that Exhibit D to the Complaint is a document describing EIGHTFOLD campus, which is a commercial real estate project by ED.

24.     Zarafshani denies the allegations in Paragraph 24 of the Complaint.

25.     With respect to the allegations in Paragraph 25 of the Complaint, Zarafshani admits that Exhibit E to the Complaint appears to be a letter from EREC's counsel to Zarafshani in his capacity as president of Panache Development & Construction, Inc., that is dated September 24, 2018.  Zarafshani admits that the letter makes three demands regarding Panache's alleged use of EREC's mark.  Zarafshani denies the remaining allegations in Paragraph 25 of the Complaint.

26.     With respect to the allegations in Paragraph 26 of the Complaint, Zarafshani admits that Exhibit F to the Complaint appears to be an email from Zarafshani to EREC's counsel, the text of which is quoted in Paragraph 26 of the Complaint.

27.     With respect to the allegations in Paragraph 27 of the Complaint, Zarafshani admits that he did not communicate with EREC after sending the email included in Exhibit F to the Complaint.  Zarafshani lacks knowledge or information sufficient to either admit or deny the remaining allegations of Paragraph 27 of the Complaint, and Zarafshani therefore denies the remaining allegations in Paragraph 27.

28.     With respect to the allegations in Paragraph 28 of the Complaint, Zarafshani denies that an officer of EREC tried to contact Zarafshani after the initial letter included in Exhibit E to the Complaint was sent.  Zarafshani lacks knowledge or information sufficient to either admit or deny the remaining allegations of Paragraph 28 of the Complaint, and Zarafshani therefore denies the remaining allegations in Paragraph 28.

29.     Zarafshani denies the allegations in Paragraph 29 of the Complaint.

30.     With respect to the allegations in Paragraph 30 of the Complaint, Zarafshani lacks knowledge or information sufficient to either admit or deny, and Zarafshani therefore denies the allegations in Paragraph 30.

31.     With respect to the allegations in Paragraph 31 of the Complaint, Zarafshani lacks knowledge or information sufficient to either admit or deny, and Zarafshani therefore denies the allegations in Paragraph 31.

32.     Zarafshani denies the allegations in Paragraph 32 of the Complaint.

33.     With respect to the allegations in Paragraph 33 of the Complaint, Zarafshani lacks knowledge or information sufficient to either admit or deny, and Zarafshani therefore denies the allegations in Paragraph 33.

34.     With respect to the allegations in Paragraph 34 of the Complaint, Zarafshani lacks knowledge or information sufficient to either admit or deny, and Zarafshani therefore denies the allegations in Paragraph 34.

35.     With respect to the allegations in Paragraph 35 of the Complaint, Zarafshani lacks knowledge or information sufficient to either admit or deny, and Zarafshani therefore denies the allegations in Paragraph 35.

## COUNT I

### DIRECT AND CONTRIBUTORY INFRINGEMENT AND COUNTERFEITING OF FEDERALLY REGISTERED TRADEMARKS AGAINST ALL DEFENDANTS

36.     With respect to the allegations in Paragraph 36 of the Complaint, Zarafshani incorporates by reference all of its answers to Paragraphs 1 through 35 as if fully set forth herein.

37.     With respect to the allegations in Paragraph 37 of the Complaint, Zarafshani admits that the Complaint purportedly makes allegations for claims under Section 32 of the Lanham Act, 15 U.S.C. § 1114.  Zarafshani denies the allegations in Paragraph 37 of the Complaint as they relate to direct infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.  Zarafshani has moved to dismiss the claims as to contributory infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and therefore will answer the allegations in Paragraph 37 of the Complaint as they relate to these claims in due course, if and when appropriate.

38.     Zarafshani denies the allegations in Paragraph 38 of the Complaint as they relate to direct infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.  Zarafshani has

moved to dismiss the claims as to contributory infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and therefore will answer the allegations in Paragraph 38 of the Complaint as they relate to these claims in due course, if and when appropriate.

39.     Zarafshani denies the allegations in Paragraph 39 of the Complaint as they relate to direct infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.  Zarafshani has moved to dismiss the claims as to contributory infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and therefore will answer the allegations in Paragraph 39 of the Complaint as they relate to these claims in due course, if and when appropriate.

40.     Zarafshani denies the allegations in Paragraph 40 of the Complaint as they relate to direct infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.  Zarafshani has moved to dismiss the claims as to contributory infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and therefore will answer the allegations in Paragraph 40 of the Complaint as they relate to these claims in due course, if and when appropriate.

41.     Zarafshani denies the allegations in Paragraph 41 of the Complaint as they relate to direct infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.  Zarafshani has moved to dismiss the claims as to contributory infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and therefore will answer the allegations in Paragraph 41 of the Complaint as they relate to these claims in due course, if and when appropriate.

## COUNT II

### INFRINGEMENT OF COMMON LAW TRADEMARKS
### AGAINST ALL DEFENDANTS

42.     With respect to the allegations in Paragraph 36 of the Complaint, Zarafshani incorporates by reference all of its answers to Paragraphs 1 through 35 as if fully set forth herein.

43.     With respect to the allegations in Paragraph 43 of the Complaint, Zarafshani admits that the Complaint purportedly makes allegations for trademark claims under Texas common law.  Zarafshani denies the remaining allegations in Paragraph 43 of the Complaint.

44.     Zarafshani denies the allegations in Paragraph 44 of the Complaint as to direct infringement under Texas common law.  Zarafshani has moved to dismiss the claims as to contributory infringement and counterfeiting under Texas common law, and therefore will answer these allegations in due course if, and when, appropriate.  Zarafshani denies the remaining allegations in Paragraph 44 of the Complaint.

45.     Zarafshani denies the allegations in Paragraph 45 of the Complaint as to direct infringement under Texas common law.  Zarafshani has moved to dismiss the claims as to contributory infringement and counterfeiting under Texas common law, and therefore will answer these allegations in due course if, and when, appropriate.  Zarafshani denies the remaining allegations in Paragraph 45 of the Complaint.

46.     Zarafshani denies the allegations in Paragraph 46 of the Complaint as to direct infringement under Texas common law.  Zarafshani has moved to dismiss the claims as to contributory infringement and counterfeiting under Texas common law, and therefore will answer these allegations in due course if, and when, appropriate.  Zarafshani denies the remaining allegations in Paragraph 46 of the Complaint.

## COUNT III

### FEDERAL UNFAIR COMPETITION AND
### FALSE DESIGNATION OF ORIGIN
### AGAINST ALL DEFENDANTS

47.     With respect to the allegations in Paragraph 47 of the Complaint, Zarafshani incorporates by reference all of its answers to Paragraphs 1 through 35 as if fully set forth herein.

48.     With respect to the allegations in Paragraph 48 of the Complaint, Zarafshani admits that the Complaint purportedly makes allegations for claims under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Zarafshani denies the remaining allegations in Paragraph 48 of the Complaint.

49.     Zarafshani denies the allegations in Paragraph 49 of the Complaint.

50.     Zarafshani denies the allegations in Paragraph 50 of the Complaint.

51.     Zarafshani denies the allegations in Paragraph 51 of the Complaint.

52.     Zarafshani denies the allegations in Paragraph 52 of the Complaint.

## COUNT IV

### COUNTERFEITING
### AGAINST ALL DEFENDANTS

53.     With respect to the allegations in Paragraph 53 of the Complaint, Zarafshani has moved to dismiss the claims as to Count IV, counterfeiting under 15 U.S.C. § 1114, and therefore will answer these allegations in due course if, and when, appropriate.

54.     With respect to the allegations in Paragraph 54 of the Complaint, Zarafshani has moved to dismiss the claims as to Count IV, counterfeiting under 15 U.S.C. § 1114, and therefore will answer these allegations in due course if, and when, appropriate.

55.     With respect to the allegations in Paragraph 55 of the Complaint, Zarafshani has moved to dismiss the claims as to Count IV, counterfeiting under 15 U.S.C. § 1114, and therefore will answer these allegations in due course if, and when, appropriate.

56.     With respect to the allegations in Paragraph 56 of the Complaint, Zarafshani has moved to dismiss the claims as to Count IV, counterfeiting under 15 U.S.C. § 1114, and therefore will answer these allegations in due course if, and when, appropriate.

57.     With respect to the allegations in Paragraph 57 of the Complaint, Zarafshani has moved to dismiss the claims as to Count IV, counterfeiting under 15 U.S.C. § 1114, and therefore will answer these allegations in due course if, and when, appropriate.

58.     With respect to the allegations in Paragraph 58 of the Complaint, Zarafshani has moved to dismiss the claims as to Count IV, counterfeiting under 15 U.S.C. § 1114, and therefore will answer these allegations in due course if, and when, appropriate.

59.     With respect to the allegations in Paragraph 59 of the Complaint, Zarafshani has moved to dismiss the claims as to Count IV, counterfeiting under 15 U.S.C. § 1114, and therefore will answer these allegations in due course if, and when, appropriate.

60.     With respect to the allegations in Paragraph 60 of the Complaint, Zarafshani has moved to dismiss the claims as to Count IV, counterfeiting under 15 U.S.C. § 1114, and therefore will answer these allegations in due course if, and when, appropriate.

61.     With respect to the allegations in Paragraph 61 of the Complaint, Zarafshani has moved to dismiss the claims as to Count IV, counterfeiting under 15 U.S.C. § 1114, and therefore will answer these allegations in due course if, and when, appropriate.

62.     With respect to the allegations in Paragraph 62 of the Complaint, Zarafshani has moved to dismiss the claims as to Count IV, counterfeiting under 15 U.S.C. § 1114, and therefore will answer these allegations in due course if, and when, appropriate.

63.     With respect to the allegations in Paragraph 63 of the Complaint, Zarafshani has moved to dismiss the claims as to Count IV, counterfeiting under 15 U.S.C. § 1114, and therefore will answer these allegations in due course if, and when, appropriate.

<u>**COUNT VI**</u>

**COMMON LAW UNFAIR COMPETITION**
<u>**AGAINST ALL DEFENDANTS**</u>

64.     With respect to the allegations in Paragraph 64 of the Complaint, Zarafshani incorporates by reference all of its answers to Paragraphs 1 through 35 as if fully set forth herein.

65.     With respect to the allegations in Paragraph 65 of the Complaint, Zarafshani admits that the Complaint purportedly makes allegations for unfair competition claims under Texas common law.   Zarafshani denies the remaining allegations in Paragraph 65 of the Complaint.

66.     Zarafshani denies the allegations in Paragraph 66 of the Complaint.

67.     Zarafshani denies the allegations in Paragraph 67 of the Complaint.

68.     Zarafshani denies the allegations in Paragraph 68 of the Complaint.

<u>**ANSWER TO EREC'S PRAYER FOR RELIEF**</u>

As to all Prayers for relief set forth in the Complaint, Zarafshani denies that EREC is entitled to any relief, as alleged or otherwise.

All other allegations in the Complaint not specifically admitted or denied are hereby denied.

<u>**AFFIRMATIVE AND OTHER DEFENSES**</u>

For its affirmative and additional other defenses to EREC's Complaint, Zarafshani states as follows:

<u>**FIRST DEFENSE**</u>

EREC is not entitled to preliminary or permanent injunctive relief because, among other reasons, Zarafshani's use of the EIGHTFOLD mark is not causing EREC irreparable harm; the balance of hardships associated with entering an injunction weighs heavily in Zarafshani's favor;

and/or the public interest would be disserved by the issuance of any injunction. *See eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006).

## JURY DEMAND

Zarafshani hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Zarafshani respectfully requests that the Court enter Judgment as follows:

(a) that EREC's claims be dismissed with prejudice;

(b) that Zarafshani be awarded its attorneys' fees and costs incurred in defending this action; and

(c) that the Court grant such other relief to Zarafshani as is just and equitable.


Dated:  May 8, 2019.                                    Respectfully Submitted,

                                                        */s/ Jonathan R. Dotson*
                                                        Jonathan R. Dotson
                                                        Texas Bar No. 24036495
                                                        **K&L GATES LLP**
                                                        2801 Via Fortuna, Ste. 350
                                                        Austin, Texas 78746
                                                        Phone: (512) 482-6800
                                                        Fax: (512) 482-6859
                                                        Jon.Dotson@klgates.com

                                                        Beth W. Petronio
                                                        TX State Bar No. 00797664
                                                        **K&L GATES LLP**
                                                        1717 Main Street, Suite 2800
                                                        Dallas, TX 75201
                                                        Phone: (214) 939-5815
                                                        Fax: (214) 939-5849
                                                        beth.petronio@klgates.com

Christopher J. Fahy (*Pro Hac Vice pending*)
Alexis Crawford Douglas (*Pro Hac Vice pending*)
Katherine L. Allor (*Pro Hac Vice pending*)
**K&L Gates LLP**
70 West Madison Street, Suite 3300
Chicago, Illinois 60602
Telephone: (312) 372-1121
christopher.fahy@klgates.com
alexis.douglas@klgates.com
katherine.allor@klgates.com

**ATTORNEYS FOR DEFENDANT
ADAM ZARAFSHANI**

## **CERTIFICATE OF SERVICE**

I certify that all counsel of record who have appeared in this case received a copy of this

document via the Court's CM/ECF system on May 8, 2019.

*/s/ Jonathan Dotson*
Jonathan R. Dotson
