UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Eightfold Real Estate Capital, L.P.,** § § § | |
| **Plaintiff,** § § | |
| v. § | Civ. Action No. 1:19-cv-00239-LY |
| § | |
| **Eightfold Developments, LLC,** § **Panache Development & Construction, Inc.,** § **and Adam Zarafshani.** § § § § | |
| **Defendants.** § | |

**DEFENDANTS EIGHTFOLD DEVELOPMENTS, LLC, PANACHE DEVELOPMENT & CONSTRUCTION, INC., AND ADAM ZARAFSHANI'S ANSWER AND <u>AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT</u>**

Defendants Eightfold Developments, LLC, ("ED"), Panache Development & Construction, Inc., ("Panache"), and Adam Zarafshani ("Zarafshani"), (collectively referred to herein as "Defendants"), answer the First Amended Complaint ("Complaint") of Plaintiff Eightfold Real Estate Capital, L.P., ("EREC") as follows:

**JURISDICTION AND VENUE**

1. With respect to the allegations in Paragraph 1 of the Complaint, Defendants admit that the Complaint purports to include actions arising under the trademark laws of the United States set forth in Title 15 of the United States Code and Title 28 of the United States Code, and as such, does not dispute that this Court has subject matter jurisdiction over those purported actions

2. With respect to the allegations in Paragraph 2 of the Complaint, Defendants admit that they reside in this district and do not dispute the appropriateness of this venue. As to the remaining allegations of Paragraph 2 of the Complaint, Defendants lack knowledge or

information sufficient to either admit or deny, and Defendants therefore deny the remaining allegations in Paragraph 2.

## NATURE OF ACTION

3.  With respect to the allegations in Paragraph 3 of the Complaint, Defendants admit that the Complaint purportedly makes allegations for claims in law and equity for statutory trademark infringement, common law federal trademark infringement, common law trademark infringement, false designation of origin and unfair competition in violation of Section 42 of the Lanham Act of 1946, as amended, 15 U.S.C. § 1051, et seq., and Texas State law.  Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

## THE PARTIES

4.  With respect to the allegations in Paragraph 4 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 4.

5.  Defendants admit the allegations in Paragraph 5 of the Complaint.

6.  With respect to the allegations in Paragraph 6 of the Complaint, Defendants deny that Panache is a limited liability company, but admit that Panache is incorporated under the laws of the State of Texas with a mailing address of P.O. Box 26539, Austin, TX 78755-0539. Defendants admit that Panache has been served and appeared.  Defendants deny the remaining allegations in Paragraph 6 of the Complaint.

7.  With respect to the allegations in Paragraph 7 of the Complaint, Defendants admit the allegations as to Zarafshani's address and residency. Defendants admit that Zarafshani has been served and appeared. Zarafshani denies the remaining allegations in Paragraph 7.

## FACTS IN COMMON TO ALL COUNTS

8. With respect to the allegations in Paragraph 8 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 8.

9. With respect to the allegations in Paragraph 9 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 9.

10. With respect to the allegations in Paragraph 10 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 10.

11. With respect to the allegations in Paragraph 11 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 11.

12. With respect to the allegations in Paragraph 12 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 12.

13. With respect to the allegations in Paragraph 13 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 13.

14. With respect to the allegations in Paragraph 14 of the Complaint, Defendants admit that the Complaint shows two records of trademarks purportedly registered with the United States Patent and Trademark Office.  Defendants lack knowledge or information sufficient to either admit or deny the remaining allegations of Paragraph 14 of the Complaint, and Defendants therefore deny the remaining allegations in Paragraph 14.

15. With respect to the allegations in Paragraph 15 of the Complaint, Defendants admit that what appears to be a copy of the United States Patent and Trademark Office's Trademark Electronic Search System (TESS) website displaying the information associated with Registration No. 4483962, including an alleged date of first use of October 17, 2012, is attached as Exhibit A to the Complaint. Defendants deny that Exhibit A is a registration certificate. Defendants lack knowledge or information sufficient to either admit or deny the remaining allegations of Paragraph 15 of the Complaint, and Defendants therefore deny the allegations in Paragraph 15.

16. With respect to the allegations in Paragraph 16 of the Complaint, Defendants admit that what appears to be a copy of the United States Patent and Trademark Office's Trademark Electronic Search System (TESS) website displaying the information associated with Registration No. 4483963, including an alleged date of first use of October 17, 2012, is attached as Exhibit B to the Complaint. Defendants deny that Exhibit B is a registration certificate. Defendants lack knowledge or information sufficient to either admit or deny the remaining allegations of Paragraph 16 of the Complaint, and Defendants therefore deny the allegations in Paragraph 16.

17. With respect to the allegations in Paragraph 17 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 17.

18. With respect to the allegations in Paragraph 18 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 18.

19. With respect to the allegations in Paragraph 19 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 19.

20. With respect to the allegations in Paragraph 20 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 20.

21. With respect to the allegations in Paragraph 21 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 21.

22. Defendants admit that Panache provides general contractor services. Defendants admit that ED provides property marketing services for Eightfold Developments: Austin only. Defendants deny the remaining allegations in Paragraph 22.

23. With respect to the allegations in Paragraph 23 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 23.

24. With respect to the allegations in Paragraph 24 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny the remaining allegations of Paragraph 24 of the Complaint, and Defendants therefore deny the allegations in Paragraph 24.

25. With respect to the allegations in Paragraph 25 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny the remaining allegations of Paragraph 25 of the Complaint, and Defendants therefore deny the allegations in Paragraph 25.

26. With respect to the allegations in Paragraph 26 of the Complaint, Defendants admit that Exhibit C to the Complaint states, "Is the attached the same Eightfold we are already

working with?" Defendants admit that Exhibit D to the Complaint is a document describing the EIGHTFOLD project by ED and lists Zarafshani's name along with ED's contact information in the document. Defendants lack knowledge or information sufficient to either admit or deny the remaining allegations of Paragraph 26 of the Complaint, and Defendants therefore deny the remaining allegations in Paragraph 26.

27. With respect to the allegations in Paragraph 27 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 27.

28. With respect to the allegations in Paragraph 28 of the Complaint, Defendants admit that Exhibit D to the Complaint is a document describing the EIGHTFOLD project.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. With respect to the allegations in Paragraph 30 of the Complaint, Defendants admit that Composite Exhibit E, pages 1-3, to the Complaint appears to be a copy of a Panache brochure describing the EIGHTFOLD project. Defendants admit that Composite Exhibit E, pages 4-8, to the Complaint appears to be an article dated February 7, 2018, discussing the EIGHTFOLD project. Defendants deny the remaining allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. With respect to the allegations in Paragraph 32 of the Complaint, Defendants admit that Composite Exhibit E, pages 9-10, to the Complaint appears to be a copy of Zarafshani's LinkedIn page listing him as the CEO of both Panache and ED. Defendants admit that Zarafshani owns an interest in both ED and Panache, and as the president and CEO of each. Defendants deny the remaining allegations in Paragraph 32 of the Complaint.

33. With respect to the allegations in Paragraph 33 of the Complaint, Defendants admit that Exhibit F to the Complaint appears to be a letter from EREC's counsel to Zarafshani at Panache Development & Construction, Inc. that is dated September 24, 2018. Defendants admit that the letter makes three demands. Defendants deny the remaining allegations in Paragraph 33 of the Complaint.

34. With respect to the allegations in Paragraph 34 of the Complaint, Defendants admit that Exhibit G to the Complaint appears to be an email from Zarafshani to EREC's counsel, the text of which is quoted in Paragraph 34 of the Complaint.

35. With respect to the allegations in Paragraph 35 of the Complaint, Defendants admit that EREC never followed up and neither Zarafshani nor anyone else at ED or Panache communicated with EREC after Zarafshani sent the email included in Exhibit G to the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. With respect to the allegations in Paragraph 38 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 38.

39. With respect to the allegations in Paragraph 39 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. With respect to the allegations in Paragraph 42 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. With respect to the allegations in Paragraph 44 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45 of the Complaint regarding their alleged continued willful and intentional offering of services and/or products allegedly bearing confusingly similar marks to those of Eightfold's Marks. With respect to the remaining allegations in Paragraph 45 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the remaining allegations in Paragraph 45.

46. With respect to the allegations in Paragraph 46 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 46.

47. With respect to the allegations in Paragraph 47 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 47.

48. With respect to the allegations in Paragraph 48 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 48.

## COUNT I

## TRADEMARK INFRINGEMENT – LANHAM ACT §32
## (AGAINST ALL DEFENDANTS)

49. With respect to the allegations in Paragraph 49 of the Complaint, Defendants incorporate by reference all of its answers to Paragraphs 1 through 48 as if fully set forth herein.

50. With respect to the allegations in Paragraph 50 of the Complaint, Defendants admit that the Complaint purportedly makes allegations of trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114. Defendants deny the remaining allegations in Paragraph 50 of the Complaint.

51. With respect to the allegations in Paragraph 51 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 51.

52. With respect to the allegations in Paragraph 52 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 52.

53. With respect to the allegations in Paragraph 53 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

## COUNT II

### INFRINGEMENT OF COMMON LAW TRADEMARKS
### (AGAINST ALL DEFENDANTS)

60. With respect to the allegations in Paragraph 60 of the Complaint, Defendants incorporate by reference all of its answers to Paragraphs 1 through 48 as if fully set forth herein.

61. With respect to the allegations in Paragraph 61 of the Complaint, Defendants admit that the Complaint purportedly makes allegations of trademark infringement under Texas common law.  Defendants deny the remaining allegations in Paragraph 61 of the Complaint.

62. With respect to the allegations in Paragraph 62 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. With respect to the allegations in Paragraph 66 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

## COUNT III

### FEDERAL UNFAIR COMPETITION
### AND FALSE DESIGNATION OF ORIGIN- LANHAM ACT §43 (a)
### (AGAINST ALL DEFENDANTS)

68. With respect to the allegations in Paragraph 68 of the Complaint, Defendants incorporate by reference all of its answers to Paragraphs 1 through 48 as if fully set forth herein.

69. With respect to the allegations in Paragraph 69 of the Complaint, Defendants admit that the Complaint purportedly makes allegations for trademark infringement and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants deny the remaining allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. With respect to the allegations in Paragraph 72 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. With respect to the allegations in Paragraph 75 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 75.

76. With respect to the allegations in Paragraph 76 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 76.

77. Defendants deny the allegations in Paragraph 77 of the Complaint.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

## COUNT IV

### COMMON LAW UNFAIR COMPETITION
### (AGAINST ALL DEFENDANTS)

79. With respect to the allegations in Paragraph 79 of the Complaint, Defendants incorporate by reference all of its answers to Paragraphs 1 through 48 as if fully set forth herein.

80.     With respect to the allegations in Paragraph 80 of the Complaint, Defendants admit that the Complaint purportedly makes allegations for unfair competition claims under Texas common law.  Defendants deny the remaining allegations in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations in Paragraph 86 of the Complaint.

87.     With respect to the allegations in Paragraph 87 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 87.

88.     With respect to the allegations in Paragraph 88 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny, and Defendants therefore deny the allegations in Paragraph 88.

89.     Defendants deny the allegations in Paragraph 89 of the Complaint.

## ANSWER TO EREC'S PRAYER FOR RELIEF

As to all Prayers for relief set forth in the Amended Complaint, Defendants deny that EREC is entitled to any relief, as alleged or otherwise. All other allegations in the Complaint not specifically admitted or denied are hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and additional other defenses to EREC's Complaint, Defendants state as follows:

## FIRST DEFENSE

EREC is not entitled to preliminary or permanent injunctive relief because, among other reasons, Defendants' use of the EIGHTFOLD mark is not causing EREC irreparable harm; the balance of hardships associated with entering an injunction weighs heavily in Defendants' favor; and/or the public interest would be disserved by the issuance of any injunction. *See eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006).

## JURY DEMAND

Defendants hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court enter Judgment as follows:

(a) that EREC's claims be dismissed with prejudice;

(b) that Defendants be awarded its attorneys' fees and costs incurred in defending this action; and

(c) that the Court grant such other relief to Defendants as is just and equitable.

| | |
|---|---|
| Dated:  June 4, 2019. | Respectfully Submitted,<br><br>*/s/ Jonathan R. Dotson*<br>Jonathan R. Dotson<br>Texas Bar No. 24036495<br>**K&L GATES LLP**<br>2801 Via Fortuna, Ste. 350<br>Austin, Texas 78746<br>Phone: (512) 482-6800<br>Fax: (512) 482-6859<br>Jon.Dotson@klgates.com<br><br>Beth W. Petronio<br>TX State Bar No. 00797664<br>**K&L GATES LLP**<br>1717 Main Street, Suite 2800<br>Dallas, TX 75201<br>Phone: (214) 939-5815<br>Fax: (214) 939-5849<br>beth.petronio@klgates.com<br><br>Christopher J. Fahy (admitted *Pro Hac Vice*)<br>Alexis Crawford Douglas (admitted *Pro Hac Vice*)<br>Katherine L. Allor (admitted *Pro Hac Vice*)<br>**K&L Gates LLP**<br>70 West Madison Street, Suite 3300<br>Chicago, Illinois 60602<br>Telephone: (312) 372-1121<br>christopher.fahy@klgates.com<br>alexis.douglas@klgates.com<br>katherine.allor@klgates.com<br><br>**ATTORNEYS FOR DEFENDANTS EIGHTFOLD DEVELOPMENTS, LLC, PANACHE DEVELOPMENT & CONSTRUCTION, INC., AND ADAM ZARAFSHANI** |

## **CERTIFICATE OF SERVICE**

I certify that all counsel of record who have appeared in this case received a copy of this document via the Court's CM/ECF system on June 4, 2019.

*/s/ Jonathan Dotson*
Jonathan R. Dotson